NADEL & SONS TOY CORP. *v.* UNITED STATES

Court Nos. 73–3–00675, etc.

(Dated June 24, 1975)

*Serko & Sklaroff* (*David Serko, Joel Simon* and *Murray Sklaroff* of counsel) attorneys of record for plantiff.

*Mandel & Grunfeld* (*Irving A. Mandel* of counsel) incoming attorneys.

*Rex E. Lee,* Assistant Attorney General (*Andrew P. Vance* and *Saul Davis,* trial attorneys), for the defendant.

BOE, Chief Judge: On May 6, 1975, pursuant to a motion filed with this court, an order was made and entered substituting the law firm of Mandel & Grunfeld as attorney for the plaintiff in the above-entitled action and all other actions in plaintiff's name pending before this court in which the former law firm of Serko & Sklaroff appears as attorney of record. The order aforereferred to further provides that all matters relating to just and reasonable compensation for legal services rendered prior to substitution by the law firm of Serko & Sklaroff, unless otherwise mutually agreed upon, should be determined by this court at a subsequent hearing.

At a hearing on May 27, 1975, respective counsel presented arguments to this court with respect to the matter of compensation and have submitted memoranda and some documents relating thereto.

The sole question for determination in this proceeding, therefore, is the fair and reasonable value of the legal services, if any, which may have been performed by the former firm of Serko & Sklaroff during such period of time as it represented the plaintiff in those cases presently pending before the United States Customs Court. This court cannot refrain from expressing its disappointment in the failure or unwillingness of the respective counsel to adequately present such facts, records and information as would permit a true evaluation and determination of the amount and nature of the work and services performed by the former law firm of Serko & Sklaroff as well as the extent and nature of the legal services and work remaining to be performed in connection with said cases by the law firm of Mandel & Grunfeld.

From the evidence and statements presented to this court, it appears that since the year 1967, through and including the year 1974, the former law firm of Serko & Sklaroff has been paid by the plaintiff annual retainer fees in the total sum of $9,850. During this period of

time said firm was further paid by the plaintiff contingent fees with respect to services performed in the total sum of $2,488.56.

Mr. Irving A. Mandel of Mandel & Grunfeld contends that the payments aforereferred to by the plaintiff to the former law firm of Serko & Sklaroff should be considered as payment in full for any and all services performed by the former law firm of Serko & Sklaroff, including the specific legal services in connection with the cases of the plaintiff presently pending before this court and in which the firm of Mandel & Grunfeld has now been substituted as attorney.

It is submitted, however, by counsel for the former law firm of Serko & Sklaroff that the annual retainer fees aforementioned as well as the total contingent fees previously received represented payment for services other than in connection with the cases of the plaintiff presently pending before this court and in which substitution of attorney has been made. It is further contended, and uncontroverted, that the litigation and prosecution of cases in court should be compensated on a contingent fee basis in a sum equivalent to 33⅓% of the recovery obtained. With respect to those certain cases of the plaintiff pending before this court relating to the 10% surcharge imposed by Presidential Proclamation 4074, compensation was to be determined on a contingent fee basis in a sum equivalent to 15% of the total recovery, if any.

Letters under date of February 1, 1967 and October 22, 1971, written by Mr. David Serko to the plaintiff, copies of which were submitted in these proceedings, appear to confirm these contentions. It is stated in the letter of February 1, 1967:

> * * * The retainer services which we had discussed would cover information, advice, counsel, whether telephonic, written or personal, and will also embrace personal visits with appropriate Government officials for the purpose of enabling us to render such advice and counsel.
>
> As part of our retainer services, we would examine your import transactions both at the Custom House and internally at your offices, and would also examine the items of merchandise which you are presently importing and contemplate importing, with a view to obtaining the best possible rate and value for duty purposes.

The letter further specifically provides:

> Generally, the retainer will exclude litigation and special matters requiring affirmative action on our part, either locally or in Washington, wherein the nature of our services would be beyond the advisory scope. These special matters would be discussed as the situations arose, and the manner and amount of compensation would generally be determined at such time. Contingent fees would be one of the methods of compensation where reasonable and applicable.

In the further letter written by David Serko to the plaintiff, under date of October 22, 1971 and submitted in these proceedings, it appears that in those certain cases of the plaintiff pending before this court relating to the imposition of the surcharge pursuant to Presidential Proclamation 4074, a contingent fee in the sum equivalent to 15% of the recovery was agreed upon.

In view of the foregoing, it is clear that the annual retainer fees paid to the former law firm of Serko & Sklaroff cannot be considered as compensation in connection with any of the cases presently pending before this court and that such retainer fees necessarily represented compensation for advice, consultation and special services of the character referred to in the letter under date of February 1, 1967, aforereferred to. It is not for this court to exercise its judgment as to whether the advice, counsel or other services performed by the former law firm of Serko & Sklaroff warranted or justified the amount of the retainer fee paid by the plaintiff in any particular year. It is only for this court to determine from the record and the meager evidence submitted in connection therewith the just and reasonable compensation for the services performed by the former law firm of Serko & Sklaroff in connection with the cases presently pending before this court and in which the firm of Mandel & Grunfeld now has been substituted.

Upon interrogation by the court as to the extent and nature of the services performed by the former law firm of Serko & Sklaroff in connection with the cases of the plaintiff pending before this court, Mr. Joel Simon, one of the counsel for said law firm, stated that 387 protests, 30 summonses and 120 complaints had been filed in connection therewith. Neither a description of the cases, nor the issues involved nor the extent of any additional services performed could be acquired or "extracted" from counsel. It is disturbing to this court to note the apparent unfamiliarity on the part of the former law firm of Serko & Sklaroff and present counsel with respect to the *cases in issue* and their inability to testify and submit evidence as to the extent of the specific services performed by this firm in behalf of the plaintiff with respect thereto during the periods of time in question.

This court is aware that in many instances because of similarity duplicate protests as well as duplicate complaints may be prepared and filed. Such services are in essence clerical acts not requiring any degree of legal knowledge and expertise. In the absence, therefore, of any specific evidence with respect to the nature, value and extent of the services performed by the former law firm of Serko & Sklaroff in connection with preparation and filing of the protests, summonses and

complaints, this court is not inclined to indulge in such speculation as to provide by this order an undeserved gratuity.

Accordingly, recognizing that contingent fees had been agreed upon between the plaintiff and the former law firm of Serko & Sklaroff with respect to cases of the nature which are presently before this court, it is hereby

ORDERED that the plaintiff pay to the former law firm of Serko & Sklaroff or its duly authorized representative as just and reasonable compensation for legal services rendered in connection with the preparation and filing of protests, summonses and complaints in those certain cases designated as NADEL & SONS TOY CORP., Plaintiff, v. THE UNITED STATES, Defendant, Court No. 73–3–00675 and the various other cases pending before this court in which the law firm of Mandel & Grunfeld has been substituted as attorney, pursuant to the prior order of this court under date of May 6, 1975, a contingent fee and/or fees in an amount as hereinafter directed:

> (1) In all such cases relating solely to the imposition of the surcharge pursuant to Presidential Proclamation 4074 the sum equivalent to 3% of the total recovery, if any, notwithstanding the prior contingent fee agreement between the plaintiff and the former law firm of Serko & Sklaroff to the contrary.
> (2) In all other cases the sum equivalent to 6% of the total recovery, if any, notwithstanding the prior contingent fee agreement between the plaintiff and the former law firm of Serko & Sklaroff to the contrary.

and it is further

ORDERED that the plaintiff, upon receipt of any recovery and payments from the Treasury Department of the United States in connection with the cases which are the subject of the instant order, shall forthwith pay said sum and/or sums to the former law firm of Serko & Sklaroff or its duly authorized representative. That the former law firm of Serko & Sklaroff shall have a lien upon the proceeds of such recoveries until the contingent fees in the amount as aforesaid are fully paid, and it is further

ORDERED that this court shall retain jurisdiction over the subject matter and the parties in the within proceedings until all the conditions herein set forth have been fully complied with.